Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Moisés Laracuente Santiago d/b/a Strong House<br><br>Recurrida<br><br>vs.<br><br>Aixa M. Olabarrieta Archilla; José Villanueva; y la Sociedad Legal de Gananciales por ellos compuesta, Compañía de Seguros X<br><br>Peticionarios | KLCE202400969 | ***CERCIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Guaynabo<br><br>Civil Núm.:<br>GB2024CV00210<br><br>Sobre:<br>Cobro de Dinero; Cumplimiento Específico de Contrato |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 20 de septiembre de 2024.

Comparece ante nos, la señora Aixa M. Olabarrieta Archilla y el señor José Villanueva (en conjunto, peticionarios), quienes presentan recurso de *Certiorari* en el que solicitan la revocación de la "Resolución" emitida el 12 de agosto de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Guaynabo. Mediante dicho dictamen, el foro primario declaró No Ha Lugar la solicitud de desestimación presentada por los peticionarios.

Luego de evaluar el escrito de los peticionarios, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida, y procedemos a resolver. Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

---

[1] Notificada el 13 de agosto de 2024.

Número Identificador

SEN2024 _____

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, expedimos el auto de *Certiorari* y confirmamos la "Resolución" recurrida, por los fundamentos que expondremos a continuación.

**I.**

El 12 de marzo de 2024, el señor Moisés Laracuente Santiago (Sr. Laracuente Santiago o recurrido) presentó una "Demanda" por cobro de dinero contra los peticionarios. En resumidas cuentas, alegó que, el 1 de junio de 2023, fue contratado por los peticionarios para efectuar un trabajo de fabricación, confección e instalación de puertas y ventanas en una residencia ubicada en el pueblo de Guaynabo, Puerto Rico. Arguyó que, culminadas sus labores, los peticionarios incumplieron con su obligación contractual de pagar por los trabajos realizados, ya que le adeudan la cantidad de $5,640.00. Acorde lo anterior, solicitó el fiel cumplimiento a lo pactado, incluyendo el pago de los $5,640.00, cuantía que, según se alegó, está vencida, líquida y exigible.

Un mes después, entiéndase, el 12 de abril de 2024, los peticionarios presentaron una Querella contra el recurrido, por estos mismos hechos, ante el Departamento de Asuntos del Consumidor (DACo).[2]

Posteriormente, el 20 de mayo de 2024, los peticionarios presentaron una "Moción de Desestimación" ante el Tribunal.[3] Expusieron que la cuantía reclamada no está vencida, líquida ni exigible, toda vez que la misma está en controversia ante el DACo. Argumentaron que, en vista de que no se han agotado los remedios administrativos, el reclamo ante el foro judicial es prematuro. En

---

[2] Querella número: SAN-2024-0018524; véase apéndice págs. 24-25.
[3] Aunque dicha solicitud fue presentada por la señora Aixa M. Olabarrieta Archilla, en su capacidad individual, lo cierto es que, el 31 de julio de 2024, el señor José Villanueva solicitó unirse a dicho escrito.

ese contexto, solicitaron se desestime la reclamación presentada en su contra.

Por su parte, el 7 de junio de 2024, el Sr. Laracuente Santiago presentó su "Oposición a Solicitud de Desestimación", y negó que una acción tardía ante el DACo tuviese el efecto de privar de jurisdicción al Tribunal. Sostuvo que, como la cuestión a resolverse es puramente judicial, no es necesaria la pericia de la agencia administrativa.

Evaluados los escritos presentados por ambas partes, el 12 de agosto de 2024,[4] el Tribunal de Primera Instancia emitió una "Resolución", y declaró No Ha Lugar la "Moción de Desestimación" presentada por los peticionarios. Razonó que, dando por ciertas las alegaciones de la "Demanda", el recurrido tiene la posibilidad de establecer una causa de acción en cobro de dinero. Asimismo, concluyó que, si bien es cierto que se radicó una Querella ante el DACO, la cuestión a resolver es de estricto derecho.

Inconformes con el dictamen, los peticionarios recurren ante este foro apelativo intermedio, y señalan la comisión de los siguientes errores, a saber:

> *Primer Error: El Honorable Tribunal de Primera Instancia, Sala Superior de Guaynabo erró al no desestimar la demanda toda vez que la cuantía reclamada no es líquida y exigible, por lo que el caso no está maduro, dejando la demanda de exponer una reclamación que justifique la concesión de un remedio.*
>
> *Segundo Error: El Honorable Tribunal de Primera Instancia, Sala Superior de Guaynabo erró al no desestimar la demanda y no abstenerse de intervenir en un asunto donde el Departamento de Asunto del Consumidor es la agencia con conocimiento especializado para atender.*
>
> *Tercer Error: El Honorable Tribunal de Primera Instancia, Sala Superior de Guaynabo erró al no desestimar la demanda toda vez que el Departamento de Asunto del Consumidor es la agencia con conocimiento especializado para atender el asunto y hay un caso de adjudicación en dicho foro que puede afectar lo reclamado en la demanda, por lo que se deben agotar remedios administrativos.*

---

[4] Notificada el 13 de agosto de 2024.

*Cuarto Error: El Honorable Tribunal de Primera Instancia, Sala Superior de Guaynabo al no desestimar la demanda bajo el fundamento que el caso presentado ante DACO es posterior a la presentación de la demanda.*

## II.

## -A-

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, le permite a la parte contra la cual se reclama solicitar que se desestime la demanda presentada en su contra, bajo cualquiera de los siguientes fundamentos:

*Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable.*

**Al resolver una solicitud de desestimación fundamentada en el inciso** (5) **de la precitada regla**, **el tribunal está obligado a dar por ciertos**, **y de la forma más favorable para el demandante**, **todos los hechos bien alegados en su demanda**, **siempre y cuando hayan sido aseverados de manera clara y concluyente**. *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70, 78 (2023). Luego, le corresponderá determinar si, "a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio". *Costas Elena y otros v. Magic Sport y otros*, 2024 TSPR 13. **Bajo este criterio**, **la demanda solo será desestimada si carece de todo mérito**, **o cuando surja que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera de los hechos que se pueda probar**. *Blassino Alvarado v. Reyes Blassino*, 2024 TSPR 93.

Al atender este tipo de moción, el tribunal deberá tener en cuenta que, conforme lo dispone la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1, la demanda sólo tiene que contener "una relación sucinta y sencilla de la reclamación demostrativas de que el peticionario tiene derecho a un remedio", por lo que la norma procesal que rige establece que las alegaciones solo buscan "notificarle a la parte demandada a grandes rasgos, cuáles son las reclamaciones en su contra." *Torres, Torres v. Torres et al.*, 179 DPR 481, 501 (2010).

**-B-**

La sección 4.2 de la Ley Núm. 38-2017, 3 LPRA sec. 9672, mejor conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), dispone lo siguiente:

> *Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia...*

Mediante la citada disposición legal se recoge la llamada doctrina de agotamiento de remedios administrativos la cual es, junto a la doctrina de jurisdicción primaria, una norma de autolimitación judicial. *Moreno Ferrer v. JRCM*, 209 DPR 430, 435 (2022). Esta doctrina implica que, antes de acudir a un tribunal, la parte que desea obtener un remedio deberá utilizar todos los mecanismos disponibles, pues, de lo contrario, la revisión judicial no estará disponible. *Edward Simpson v. Consejo de Titulares*, 2024 TSPR 64. Por lo que, necesariamente, "[e]**l agotamiento de remedios presupone la existencia de un procedimiento administrativo que comenzó**, **o que debió haber comenzado**, **pero que no finalizó porque la parte concernida recurrió al foro judicial antes de que se completase el referido procedimiento**

**administrativo**". J. Echevarría Vargas, <u>Derecho Administrativo Puertorriqueño</u>, 4ta ed. rev., San Juan, Ed. SITUM, 2017, pág. 71. (Énfasis provisto).

De esta forma, se logra que los pleitos lleguen al foro judicial en el momento apropiado y, a su vez, se cumplen los siguientes objetivos, a saber: (1) permite que la agencia desarrolle un historial completo del asunto y utilice su *expertise* para adoptar medidas conforme la política pública formulada por éste; (2) evita intervenciones inoportunas de los tribunales; (3) facilita la revisión judicial; y (4) promueve la distribución eficiente de tareas entre los poderes ejecutivo y judicial. *AAA v. UIA*, 200 DPR 903, 914 (2018).

Ahora bien, esta doctrina no es absoluta y admite excepciones. A esos efectos, la sección 4.3 de la Ley Núm. 38-2017, 3 LPRA sec. 9673, establece lo siguiente:

> *El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa.*

Ante los supuestos mencionados se justifica el preterir el trámite administrativo y el tribunal podrá conceder el remedio solicitado. De lo contrario, los tribunales deberán abstenerse de intervenir hasta tanto la agencia atienda el asunto. *S.L.G. Flores-Jiménez v. Colberg*, 173 DPR 843, 851 (2008).

**III.**

De entrada, debemos mencionar que, de conformidad con los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, esta segunda instancia judicial se encuentra en posición de expedir el auto. Ante la

discreción que poseemos para atender el asunto, procedemos a resolver la controversia.

Toda vez que los señalamientos de error presentados por los peticionarios se encuentran íntimamente relacionados, procedemos a discutirlos conjuntamente.

Según revela el tracto procesal discutido, los peticionarios solicitaron la desestimación de la reclamación presentada en su contra, al amparo de la Regla 10.2 de Procedimiento Civil, *supra*. Por consiguiente, nos corresponde evaluar las alegaciones bien hechas por el Sr. Laracuente Santiago en su "Demanda", con el fin de determinar si, de conformidad con el derecho antes esbozado, procede la desestimación del presente pleito. Entre ellas, se encuentran las siguientes:

> 1. **El 1 de junio de 2023 la parte demandada contrata a la parte demandante para un trabajo de fabricación, confección e instalación de puertas y ventanas para su residencia** *ya que estaban en un proceso de remodelación de su residencia ubicada en Alt. De Santa María E-13, Calle Dildo, Guaynabo, Puerto Rico.*
>
> [...]
>
> 31. **El demandante ya terminó los trabajos restantes,** *que ha sido producto de los constantes cambios por parte de la demandada y co demandado.* **La demandada y co demandado incumplieron, incumplen y continúan incumpliendo con su obligación contractual conforme el Contrato suscrito para los trabajos realizados por el demandante, por lo que la suma de $5,640.00 es vencida, líquida y exigible.**
>
> [...]
>
> *III. PRIMERA CAUSA DE ACCIÓN: COBRO DE DINERO*
>
> 1. **La deuda total que la parte demandada mantiene con el demandante asciende a $5,640.00 cantidad que la parte demandada no ha pagado** *ni emitido abono alguno a la deuda,* **quedando así un balance adeudado, vencido, líquido y exigible por la cantidad de $5,640.00.**
>
> [...]
>
> 3. **La deuda reclamada en el párrafo 31 del presente escrito está vencida, es líquida y exigible,** *así como los intereses que sobre toda suma adeudada, desde que advino líquida, vencida y exigible, a la tasa máxima permitida en tiempo por ley.* (Énfasis nuestro).

Tras evaluar las alegaciones que preceden, nos resulta forzoso concluir que el recurrido tendría un remedio en ley, por lo que la desestimación del pleito es improcedente en derecho.

En el ordenamiento jurídico puertorriqueño, las partes quedan obligadas al cumplimiento de la obligación pactada desde que prestan su consentimiento válido. Art. 1237 del Código Civil, 31 LPRA sec. 9771. Es por esto que, "[l]o acordado en los contratos tiene fuerza de ley entre las partes". Art. 1233 del Código Civil, 31 LPRA sec. 9754. A su vez, el pago constituye una de las formas para extinguir deudas. Ahora bien, en estos casos, la obligación solo se tiene por extinguida cuando se satisface íntegramente la prestación debida. Art. 1117 del Código Civil, 31 LPRA sec. 9141.

Según las alegaciones de la "Demanda", tenemos que dar por cierto que: (1) las partes se obligaron mediante contrato firmado el 1 de junio de 2023, (2) el Sr. Laracuente Santiago culminó los trabajos, según pactados, (3) los peticionarios incumplen con su obligación contractual de pagar íntegramente por los trabajos realizados por el recurrido, y (4) la suma adeudada de $5,640.00 está vencida, líquida y exigible.

Estos hechos, los cuales fueron aseverados de manera clara y concluyente, claramente establecen una reclamación plausible que justifica la concesión de un remedio. De ser probados, el Sr. Laracuente Santiago tendría derecho al remedio solicitado. Por lo que, en nuestra obligación de evaluar la situación de la manera más favorable al demandante, **concluimos que la "Demanda" es suficiente para constituir una reclamación válida y**, **por tanto**, **actuó correctamente el foro recurrido al negarse desestimar el pleito al amparo de la Regla 10.2 de Procedimiento Civil**, *supra*.

Aclarado este asunto, es necesario dilucidar si subyacen controversias que requieren ser adjudicadas inicialmente por el foro administrativo, en este caso, el DACo.

La contención de los peticionarios es que "[e]l DACo es la agencia con el conocimiento especializado para atender el presente caso y los tribunales deben abstenerse de intervenir en el asunto".[5] A su juicio, la deuda de $5,640.00 reclamada por el recurrido no es cierta, líquida ni exigible porque "actualmente hay un caso ante DACo que su resultado tendrá determinará [sic] la existencia o no de la deuda, y de existir alguna determinará su cuantía".[6] En palabras simples, los peticionarios sostienen que, como no se han agotado los remedios administrativos, "este caso no está maduro para ser adjudicado por el foro judicial".[7] No les asiste la razón.

Cónsono con el derecho discutido, **la doctrina de agotamiento de remedios presupone la existencia de un procedimiento administrativo que comenzó**, **pero que no finalizó porque la parte concernida recurrió al foro judicial antes de que se completase dicho proceso**. **También aplica en aquellas instancias en las que el procedimiento administrativo debió haber comenzado**, **pero no lo hizo porque la parte concernida recurrió al foro judicial a destiempo**.

Tras evaluar los hechos particulares del caso, concluimos que **ninguna de estas circunstancias está presente**, **por lo que la doctrina de agotamiento de remedios administrativos es inaplicable al caso de autos**. La "Demanda" ante el foro judicial se presentó el **12 de marzo de 2024**. Un mes después, o sea, el **12 de abril de 2024**, es que los peticionarios presentan su Querella ante el DACo.  Evidentemente, **no subyacen controversias que requieren ser adjudicadas inicialmente por el DACo**, **toda vez**

---

[5] Véase, recurso a la pág. 6.
[6] *Íd.*
[7] *Íd.*

**que el pleito no inició en la agencia**, **sino en los tribunales**. Por otro lado, la controversia medular en este caso gira sobre un incumplimiento de contrato, asunto puramente judicial que no requiere del peritaje administrativo. **Ante el hecho de que la resolución del foro judicial no requería una previa interpretación de la pericia administrativa**, **el Tribunal de Primera Instancia actuó correctamente al negarse desestimar el pleito bajo este fundamento**.

Por las razones que anteceden, procede la confirmación de la determinación recurrida.

**IV.**

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, expedimos el auto de *Certiorari* y confirmamos la "Resolución" recurrida, emitida por el Tribunal de Primera Instancia, Sala Superior de Guaynabo.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones